# IN THE COURT OF APPEALS OF IOWA

No. 18-1767
Filed December 19, 2018

**IN THE INTEREST OF S.W.,**
**Minor Child,**

**P.W., Father,**
    Appellant,

**H.W., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

The mother and father appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant father.

David Barajas of Macro & Kozlowski, LLP, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Paul L. White of the Des Moines Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

The father and mother separately appeal the termination of their parental rights to S.W., born in July 2015. The father argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(h) (2018). Both argue the district court should have granted a six-month extension and should have found termination was not in S.W.'s best interests. We find the State has proved the grounds for termination by clear and convincing evidence, a six-month extension would not have extinguished the need for removal, and termination is in S.W.'s best interests.

## I. Background Facts and Proceedings

The family first came to the attention of the Iowa Department of Human Services (DHS) in April 2017 after the mother reported a domestic assault to law enforcement. On April 19, the mother and father, who are not married, visited the home of a known drug dealer with S.W. in their vehicle. As the father drove away from the home, he and the mother began to argue. According to a report from law enforcement, the father "became very aggressive and started driving erratically and at high speeds," even "driving so fast his jeep went onto 2 wheels while making turns." Additionally, the mother stated the father held a knife to her throat as they returned home. The next day, the mother contacted law enforcement to report the incident and stated she waited to report because she did not want to upset the guests in her home. Law enforcement referred the case to DHS because S.W. was in the car during this incident. The mother and father admitted they were under the influence of methamphetamine at the time.

S.W. was adjudicated as a child in need of assistance (CINA) on June 22, 2017. After more than one year of offered services, the State filed a petition to terminate parental rights on July 26, 2018. A hearing was held on September 13. On September 27, the district court found the State had proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(h). The mother and father appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight . . . ." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III. Grounds for Termination

The father argues the State failed to prove by clear and convincing evidence that his parental rights should be terminated under Iowa Code section 232.116(1)(h). Specifically, he challenges the State's establishment of the fourth requirement, which provides the child could not be returned to the father's custody

"at the present time."[1]  Iowa Code § 232.116(1)(h)(4).  In his petition, the father asserts "[i]t is clear from the evidence that [he] is not in the same position as he was at the time of removal."  He claims he has completed substance-abuse treatment and that he has remained sober following the treatment.

At the termination hearing, neither parent testified the child could be returned at the present time.  In addition, a social worker opined the child could not be returned to the parents at the present time; all visits remained fully supervised. With regard to the father, the social worker further stated the father has not sufficiently engaged in substance-abuse services because he has not been honest about his drug use and has relapsed a few times.  On June 8, 2018, about one year after S.W. was removed from the home, the father and mother provided sweat patch tests that were positive for methamphetamine, indicating they were still using.  Both parents deny drug use and have stated the positive sweat patch drug test could have come from bed sheets that had not been washed since their last relapse or from exposure to a guest's methamphetamine use in their home.  The father's results indicated he had 269 nanograms per milliliter of methamphetamine

---

[1] Paragraph (h) provides termination is warranted if,
> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

in his system[2] and the test cutoff level was ten nanograms per milliliter. Despite the high results, the father continued to deny drug use. The record clearly supports the father's continued methamphetamine use. Therefore, we find the State proved by clear and convincing evidence that the child could not be returned to the father's custody at the present time and thus, the father's challenge to the statutory grounds for termination is denied.

## IV. Additional Time

Both parents argue the district court should have granted an additional six months before termination. Iowa Code section 232.104(2)(b) provides the court may authorize a six-month extension of time if it finds "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In June 2017, S.W. was adjudicated as a CINA and the parents were given fifteen months to work towards reunification. Both parents continue to be deceptive about their drug use, and neither have properly addressed their domestic violence issues. In a report to the court, DHS notes the mother has engaged in services but "displays codependent features within her relationship and has presented with impaired insight related to the unhealthy patterns" of the relationship between her and the father. The report further notes that the parents "maintain that the incident that brought them to DHS' attention was an isolated incident and [was] a result of using drugs"; however, the report concluded the two parents are unaware of their unhealthy relationship dynamics and are attempting

---

[2] The mother's sweat patch drug test results were 150 nanograms per milliliter of methamphetamine.

to minimize their issues rather than address them. In the ruling, the district court stated:

> Ultimately, at termination, [the mother] and [the father] present themselves as a couple and they do present as two people who are co-dependent and unable to separate from each other. They have not created an environment where a three year old child can be safely placed in their care and custody on a full time basis where it could predictably be believed the child would not be subject to adjudicative harm and they could be minimally capable in the short or long term of meeting [S.W.]'s needs.

The district court noted this is "sad and tragic," but it concluded that "given [S.W.]'s age and the amount of time this CINA has been open, we can't wait any more." Accordingly, the district court found termination appropriate.

Despite receiving more than twice the time required by statute before termination, the parents have failed to make sufficient progress towards reunification. *See* Iowa Code § 232.116(1)(h)(3) (requiring the child to be removed from the parents' custody "for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days"); *see also In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up."). "We will not gamble with a child's future by asking him [or her] to continuously wait for a stable biological parent, particularly at such a tender age." *In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011). Therefore, we find the record does not support the notion that additional time would extinguish the need for removal. *See* Iowa Code § 232.104(2)(b).

## V. Best Interests of the Child

Both parents claim termination is not in S.W.'s best interests due to their bond with S.W.[3] "A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied." *N.F.*, 579 N.W.2d at 341; *see* Iowa Code § 232.116(3)(c). However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341.

While both parents have engaged in Child Parent Psychotherapy to work on maintaining a relationship with S.W., the parents continue to maintain an unhealthy relationship with each other. "[O]ur consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parents'] inability to provide for [the child]'s developing needs." *D.W.*, 791 N.W.2d at 709. Therefore, we agree with the district court termination is in S.W.'s best interest and the bond between the parents and S.W. is insufficient to preclude termination.[4] *See* Iowa Code § 232.116(2), (3)(c).

---

[3] While the parents rely on their bond with S.W. to argue termination is not in the best interests of the child, this argument is misplaced. This argument is more appropriate under the permissive factors of Iowa Code section 232.116(3). *See* Iowa Code § 232.116(3)(c) (stating the court need not terminate parental rights if it finds "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").

[4] The father also asserts termination is a violation of his due process and equal protection rights under the United States and Iowa Constitutions. These assertions were not raised below, and we decline to address them for the first time on appeal. *See State v. Joss*, 211 N.W.2d 320, 321 (Iowa 1973) ("We have repeatedly held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal.").

**VI. Conclusion**

We find the State proved by clear and convincing evidence the grounds for termination of the father's parental rights.  Additionally, we find an additional six months would not extinguish the need for removal.  Finally, termination is in S.W.'s best interests and any bond between the parents and child does not preclude termination.

**AFFIRMED ON BOTH APPEALS.**